# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| DAVID MICHIO JO, | )    Chapter 7 |
| | ) |
| | )    Case No. 12-32909 |
| Debtor. | ) |
| | )    Hon. A. Benjamin Goldgar |
| | ) |

## NOTICE OF MOTION

TO:  Joseph E. Cohen, Chapter 7 Trustee (via ECF)
David Brown, Debtor's Bankruptcy Counsel, Springer Brown, LLC, 400 South County Farm Road, Suite 330, Wheaton, Illinois, 60187 (via ECF and US Mail)
U.S. Bank Home Mortgage, Attention: Rick Aneshansel, President, 800 Nicollet Mall, Minneapolis, Minnesota 55402 (via Certified Mail)
Pierce and Associates, P.C., Attention: Christopher M. Brown, 1 North Dearborn Street, Suite 1300, Chicago, Illinois 60602 (via ECF and US Mail)

PLEASE TAKE NOTICE that on November 9, 2015 at 9:30 AM, the undersigned will appear before the Honorable A. Benjamin Goldgar at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 642, Chicago, Illinois and will then present the attached **Motion for Civil Contempt and Damages Against U.S. Bank Home Mortgage** at which time you may appear if you so choose.

### Certificate of Service

I, Nathan C. Volheim, hereby certify that I caused a copy of this notice to be served via the above described methods on all parties listed and attached the above reference motion upon the all parties on October 9, 2015 before the hour of 5:00 p.m. from the office located at 435 North Michigan Avenue, Suite 1609, Chicago, Illinois 60611.

By: s/ Nathan C. Volheim
Consumer Law Partners, LLC
Counsel for Debtor
435 North Michigan Avenue, Suite 1609
Chicago, Illinois 60611
Phone: (267) 422-1000
Fax: (267) 422-2000
Attorney Number 6302103

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| DAVID MICHIO JO, ) | |
| ) | Case No. 12-32909 |
| ) | |
| Debtor. ) | Hon. A. Benjamin Goldgar |
| ) | |
| ) | |

**DEBTOR'S MOTION FOR CIVIL CONTEMPT AND DAMAGES
AGAINST US BANK HOME MORTGAGE PURSUANT TO 11 U.S.C. § 524
AND FED. R. BANKR. P. 9020 FOR VIOLATIONS OF THE BANKRUPTCY
DISCHARGE INJUNCTION**

NOW COMES the Debtor, DAVID MICHIO JO ("Debtor"), by and through his attorneys, Consumer Law Partners, LLC, bringing this motion pursuant to 11 U.S.C. §524 and Fed. R. Bankr. P. 9020 seeking damages and sanctions from U.S. BANK HOME MORTGAGE ("U.S. Bank") for violations of the Bankruptcy Discharge Injunction, and in support thereof, stating as follows:

NATURE OF ACTION

1. Debtor brings this action against U.S. Bank for actual and punitive damages due to its violations of the Bankruptcy Discharge Injunction.

JURISDICTION AND VENUE

2. Jurisdiction to determine violations of the Bankruptcy Discharge Injunction under 11 U.S.C. §524 is conferred upon this Court pursuant to 28 U.S.C. §§157 and 1334 in that this proceeding arises out of and is related to the above-captioned Chapter 7 case under Title 11 of the United State Code.

2

3. This is a core proceeding and therefore this Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, Debtor consents to the entry of a final order by this Court.

4. Venue lies in this District pursuant to 28 U.S.C. §§1391(b), 1408, and 1409, whereby U.S. Bank's post-discharge actions against Debtor occurred in the Northern District of Illinois.

5. U.S. Bank maintains offices and transacts business in the Northern District of Illinois and its actions arises out of and are related to the above-captioned Chapter 7 case.

### PARTIES

6. Debtor filed for protection under Chapter 7 of Title 11 of the United States Code in Bankruptcy Case Number 12-32909 filed August 20, 2012.

7. At all times relevant to this action, U.S. Bank is and was a corporation licensed to conduct business in Illinois.

### STATEMENT OF FACTS

8. On or around June 19, 2006, Debtor executed a mortgage and note for $234,000.00 ("subject debt") in favor of U.S. Bank to fund the purchase of a piece of real property at Lot 20 Elizabeth Lane, New Port Richey, Florida 34652 ("subject property").

9. The subject property was purchased by Debtor for the purpose of future development.

10. Over the years following the purchase of the subject property, the real estate market took a significant downturn. As a result, the subject property realized a substantial loss in value.

11. In approximately February 2012, Debtor defaulted on the subject debt.

12. On August 20, 2012, partially in response to defaulting on the subject debt, Debtor caused to be filed a Chapter 7 Bankruptcy under case number 12-32909 ("instant case") before this Court.

13. The subject debt and U.S. Bank were listed on Debtor's schedule D. *See* attached Exhibit A is a true and correct copy of Debtor's schedule D filed in the instant case.

14. By virtue of being listed as a creditor in the instant case, U.S. Bank received notice of filing by the Bankruptcy Noticing Center ("BNC"). *See* attached Exhibit B is a true and correct copy of the notice of filing sent by the BNC.

15. Upon filing the instant case, Debtor caused to be filed a Statement of Intention regarding his all of his secured debts. *See* attached Exhibit C is a true and correct copy of the Statement of Intention filed in the instant case.

16. Within the Statement of Intention, Debtor specifically indicated that he intended to surrender the subject property. *See* Exhibit C.

17. On October 8, 2012, attorney Christopher M. Brown of Pierce and Associates, P.C. caused to be filed a Motion to Modify the Automatic Stay with respect to the subject property on behalf of U.S. Bank. *See* attached Exhibit D is a true and correct copy of the Motion to Modify the Automatic Stay.

18. U.S. Bank's Motion to Modify the Automatic Stay explicitly acknowledged that the subject property was being surrendered. *See* Exhibit D.

19. This Court granted U.S. Bank's Motion to Modify the Automatic Stay on October 19, 2012.

20. On November 27, 2012, this Court granted the Debtor a discharge of all his dischargeable debt pursuant to 11 U.S.C. §727. *See* attached Exhibit E is a true and correct copy of the Discharge Order entered by this Court.

21. Included in the debt discharged was Debtor's personal liability for the subject debt.

22. On November 29, 2012, the BNC sent U.S Bank and Pierce and Associates, P.C. a copy of the Discharge Order. *See* attached Exhibit F is a true and correct copy of the Notice of Discharge Order sent by the BNC.

23. Included in the Notice of Discharge Order included a provision which stated, "<u>Collection of Discharged Debts Prohibited</u>. The discharge prohibits any attempt to collect from the debtor a debt that has been discharged....A creditor who violates this order can be required to pay damages and attorney's fees to the debtor." *See* Exhibit F.

24. Debtor's bankruptcy case was closed on April 24, 2015.[1]

25. Since the discharge of his bankruptcy, Debtor has diligently worked to overcome his bankruptcy filing and re-establish his credit.

## U.S. BANK'S ACTIONS AFTER DISCHARGE

26. Starting on December 27, 2012, and continuing through the filing of this action, Debtor has received calls from U.S. Bank, attempting to collect on the subject debt. *See* attached Exhibit G is a true and correct of copy of a log tracking calls from U.S. Bank to Debtor.

27. The calls from U.S. Bank to Debtor have grown in frequency as of July 2015. *See* Exhibit G.

28. In addition to the calls, Debtor has also received statements from U.S. Bank attempting to collect on the subject debt. *See* attached Exhibit H is a true and correct copy of statements received by Debtor from U.S. Bank.[2]

---

[1] Following the Debtor's Discharge, his case remained open as the Chapter 7 Trustee administered property of the estate not related to the instant action.

[2] Debtor has received many other statements similar to those attached in Exhibit H.

29. The statements include demands for payment on the subject debt and headings which read, "**Total Amount Due.**" *See* Exhibit H.

30. The statements do not include of any bankruptcy disclaimer. *Id.*

31. In an attempt to cease the collection activity, Debtor reached out to Alyssa Twigg ("Twigg"), a representative of U.S. Bank.

32. On July 16, 2015, Debtor sent Twigg an email informing of his bankruptcy and inquiring as to why U.S. Bank continued to contact him. *See* attached Exhibit I is a true and correct copy of an email exchange between Debtor and Twigg.

33. From July 16, 2015 to September 24, 2015, Debtor and Twigg exchanged emails regarding the subject debt. *See* Exhibit I.

34. Twigg advised Debtor that U.S. Bank had no record of him filing bankruptcy. *Id.*

35. Per Twigg's instruction, Debtor sent U.S. Bank a letter advising that he had filed bankruptcy and to cease contact on August 19, 2015. *See* attached Exhibit J is a true and correct copy of the letter sent to U.S. Bank by Debtor.

36. Despite Twigg advising that U.S. Bank received the letter, it has continued to contact Debtor with attempts to collect on the subject debt. *See* Exhibits G and I.

37. Having exhausted all reasonable efforts to have U.S. Bank cease its collection actions, Debtor authorized the undersigned to bring the instant action.

38. Debtor has been forced to revisit a challenging period of his life with every illegal collection contact by U.S. Bank.

39. Debtor has grown increasingly fearful that his bankruptcy discharge had no effect because of U.S Bank's actions.

40. Debtor has been forced to expend time, effort, and resources consulting with various attorneys regarding his legal rights.

## US BANK HOME MORTGAGE'S WILLFUL VIOLATION OF 11 U.S.C. § 524(A)(2)

41. Debtor repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. U.S. Bank has committed multiple systematic, continuous, and egregious violations of the discharge injunction against Debtor.

43. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect on discharged debt.

44. Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge. *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

45. U.S. Bank was notified of and actively participated in Debtor's bankruptcy. As such, it was acutely aware of the law surrounding continued collection actions.

46. U.S. Bank has ignored a specific order from this Court to cease collection activity. As if this conduct was not bad enough, U.S. Bank has ignored repeated requests to cease collection actions by Debtor.

47. Debtor has not quickly run to this Court seeking intervention. The open record displays that he has tried to resolve this matter amicably. It is only after great effort on Debtor's part and continuous defiance of the Bankruptcy Code at the hands of U.S Bank that the instant action is brought.

48. The actions of U.S. Bank occurred with actual and repeated knowledge of the discharge injunction.

49. As plead in paragraphs 38 through 40, Debtor has been harmed by U.S. Bank's conduct.

50. Debtor is entitled to actual damages, including attorney fees and costs, for U.S. Bank's willful contempt of the Discharge Injunction.

51. In order to protect the spirit and purpose of the bankruptcy discharge, as well as to give Debtor the fresh start that Congress intended, this Court must impose civil contempt sanctions and punitive damages upon U.S. Bank for its willful disregard of the Discharge Injunction.

52. U.S. Bank's conduct violates the Discharge Injunction pursuant to 11 U.S.C. §524(a)(2) and constitutes civil contempt of this Court's order.

53. Debtor is entitled to punitive damages for U.S. Bank's arrogant defiance of the Bankruptcy Code and its provisions.

54. U.S. Bank willfully and knowingly deprived Debtor of the fundamental protections afforded by the Bankruptcy Code. If this behavior is allowed to go unpunished, U.S. Bank would continue to violate the Discharge Injunction and compromise the integrity of Debtor's bankruptcy protections.

**WHEREFORE,** Debtor, DAVID MICHIO JO, having set forth his claims for relief against U.S. BANK HOME MORTGAGE, respectfully pray of this Court as follows:

a. That this Honorable Court enter an order finding U.S. Bank Home Mortgage in civil contempt for violations of 11 U.S.C. §524;

b. That this Honorable Court enter an order enjoining U.S. Bank Home Mortgage from further collection actions against Debtor;

c. That this Honorable Court enter an order directing U.S. Bank Home Mortgage to pay $10,000.00 in actual damages to Debtor for violations of 11 U.S.C. §524;

d. That this Honorable Court enter an order directing U.S. Bank Home Mortgage to pay $30,000.00 in punitive damages to Debtor for violations of 11 U.S.C. §524;

e. That this Honorable Court enter an order directing U.S. Bank Home Mortgage to pay to Debtor a sum determined by the Court for all reasonable legal fees and expenses incurred for violations of 11 U.S.C. §524; and

      f.   For such further relief as the Court may deem just and proper.

Dated: October 9, 2015                                   Respectfully Submitted,


                                                         s/Nathan C. Volheim
                                                         Consumer Law Partners, LLC
                                                         Counsel for Debtor
                                                         435 North Michigan Avenue, Suite 1609
                                                         Chicago, Illinois 60611
                                                         Phone: (267) 422-1000
                                                         Fax: (267) 422-2000
                                                         Attorney Number 6302103